STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>VEGAS MARKETING GROUP, a Nevada general partnership; TONY KARPINSKI, WILLIAM D. FOOTE and JEFFREY H. WEGENER, general partners in VEGAS MARKETING GROUP; and VINCENT CHAN, an individual,<br><br>Defendants. | Case No.: 2:10-cv-0600<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Vegas Marketing Group ("VMG"), a Nevada general partnership, Tony Karpinski ("Mr. Karpinski"), William D. Foote ("Mr. Foote") and Jeffery H. Wegener ("Mr. Wegener"), general partners in VMG, and Vincent Chan, an individual ("Mr. Chan"; collectively with VMG, Mr. Karpinski, Mr. Foote and Mr. Wegener, "Defendants"), on information and belief:

1

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. On or about August 30, 2002, a business entity named Vegas Marketing Group, LLC was organized as a Nevada domestic limited-liability company.

5. As of April 27, 2010, the Vegas Marketing Group, LLC's business entity status was revoked.

6. As of April 27, 2010, the Vegas Marketing Group, LLC's Nevada business entity is no longer a validly subsisting entity recognized by the Nevada Secretary of State.

7. A print-out from the Nevada Secretary of State business entity database, attached hereto as Exhibit 1, demonstrates the revoked business entity of the Vegas Marketing Group, LLC.

8. Despite Vegas Marketing Group, LLC's revoked business entity status, the owners of the business entity formally formed as Vegas Marketing Group, LLC, at all times relevant, continued to conduct business under said entity's name.

9. At all times relevant, Mr. Karpinski, Mr. Foote and Mr. Wegener were and are the owners associated with the business entity formally formed as Vegas Marketing Group, LLC.

10. At all times relevant, the business entity formally formed as Vegas Marketing Group, LLC was and is a business for profit.

11. At all times relevant, Mr. Karpinski, Mr. Foote and Mr. Wegener shared and share in the profits of the business entity formally formed as Vegas Marketing Group, LLC.

12. At all times relevant, the conduct by Mr. Karpinski, Mr. Foote and Mr. Wegener, owners of the business entity formerly formed as Vegas Marketing Group, LLC, constituted and constitute a Nevada general partnership.

13. The business entity formerly formed as Vegas Marketing Group, LLC, as of April 23, 2010, is, and has been at all times relevant to this lawsuit, a Nevada general partnership known as Vegas Marketing Group.

14. VMG is, and has been at all times relevant to this lawsuit, transacting business at www.vegastopdogs.com (the "Website").

15. VMG is, and has been at all time relevant to this lawsuit, the billing entity for monetary transactions on the Website.

16. Mr. Karpinski is, and has been at all times relevant to this lawsuit, a general partner of VMG.

17. Mr. Karpinski is, and has been at all times relevant to this lawsuit, the VMG Director of Operations with responsibilities to maintain and operate the Website; attached hereto as Exhibit 2 is evidence of Mr. Karpinski's association with VMG in the form of a print-out from Mr. Karpinski's LinkedIn webpage.

18. Mr. Foote is, and has been at all times relevant to this lawsuit, a general partner of VMG.

19. Mr. Foote was an officer of the business entity formerly formed as Vegas Marketing Group, LLC.

20. Mr. Wegener is, and has been at all times relevant to this lawsuit, a general partner of VMG.

21. Mr. Foote was an officer of the business entity formerly formed as Vegas Marketing Group, LLC.

22. Mr. Chan is, and has been at all times relevant to this lawsuit, an agent of VMG.

3

**JURISDICTION**

23. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

24. VMG, as of April 27, 2010, is, and has been at all times relevant to this lawsuit, a Nevada general partnership.

25. The Defendants purposefully direct activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

26. The Defendants purposefully direct and effectuate the unauthorized reproduction of Righthaven-owned copyrighted works at the Website.

27. The Defendants' unauthorized reproduction of Righthaven-owned copyrighted works found on the Website is purposefully targeted to Nevada residents.

28. VMG copied, on an unauthorized basis, the literary work entitled "Chinese New Year: Year of the Tiger revelers will find festive scenery, entertainment in Las Vegas," attached hereto as Exhibit 3 (the "Chinese New Year Article"), from a source emanating from Nevada.

29. On or about February 13, 2010, VMG displayed and continue to display the Chinese New Year Article on the Website.

30. VMG's display of the Chinese New Year Article was and is purposefully directed at Nevada residents.

31. Mr. Karpinski copied, on an unauthorized basis, the Chinese New Year Article from a source emanating from Nevada.

32. On or about February 13, 2010, Mr. Karpinski displayed and continues to display the Chinese New Year Article on the Website.

33. Mr. Karpinski's display of the Chinese New Year Article was and is purposefully directed at Nevada residents.

34. VMG copied, on an unauthorized basis, the literary work entitled "Oddsmakers crunch numbers on basketball teams," attached hereto as Exhibit 4 (the "Oddsmakers Article"), from a source emanating from Nevada.

35. On or about March 16, 2009, VMG displayed and continues to display the Oddsmakers Article on the Website.

36. VMG's display of the Oddsmakers Article was and is purposefully directed at Nevada residents.

37. Mr. Karpinski copied, on an unauthorized basis, the Oddsmakers Article from a source emanating from Nevada.

38. On or about March 16, 2009, Mr. Karpinski displayed and continues to display the Oddsmakers Article on the Website.

39. Mr. Karpinski's display of the Oddsmakers Article was and is purposefully directed at Nevada residents.

40. VMG copied, on an unauthorized basis, the literary work entitled "Nullified TD a big deal to sports books, bettors," attached hereto as Exhibit 5 (the "Nullified Touchdown Article"), from a source emanating from Nevada.

41. On or about November 7, 2008, VMG displayed and continue to display the Nullified Touchdown Article on the Website.

42. VMG's display of the Nullified Touchdown Article was and is purposefully directed at Nevada residents.

43. Mr. Karpinski copied, on an unauthorized basis, the Nullified Touchdown Article from a source emanating from Nevada.

44. On or about November 7, 2008, Mr. Karpinski displayed and continues to display the Nullified Touchdown Article on the Website.

45. Mr. Karpinski's display of the Nullified Touchdown Article was and is purposefully directed at Nevada residents.

46. The Defendants' contacts with Nevada are systematic and continuous because the name under which VMG does business represents that VMG is located in or emanates from Las Vegas, Nevada.

47. VMG's contacts with Nevada are systematic and continuous because VMG characterize the Website as "Las Vegas' most exclusive sports handicapping club," providing "online betting" for "Las Vegas odds and Las Vegas sports lines."

48. VMG's contacts with Nevada are systematic and continuous because pages of the Website feature a graphic bar depicting an image of the iconic "Welcome to Fabulous Las Vegas, Nevada" sign altered to read, "Welcome to Fabulous VegasTopDogs Nevada."

49. Mr. Foote's contacts with Nevada are systematic and continuous because, Mr. Karpinski is a general partner in VMG.

50. Mr. Wegener's contacts with Nevada are systematic and continuous because, Mr. Karpinski is a general partner in VMG.

51. Mr. Karpinski's contacts with Nevada are systematic and continuous because, Mr. Karpinski is a general partner in VMG.

52. Mr. Karpinski's contacts with Nevada are systematic and continuous because, Mr. Karpinski is part of the "Vegas Top Dogs Capper Panel," which is praised on the Website as "Las Vegas' most exclusive sports handicapping club."

53. Mr. Karpinski's contacts with Nevada are systematic and continuous because, according to Mr. Karpinski's "Capper Profile" on the Website, Mr. Karpinski is an eighteen-year veteran of sports wagering and betting in Las Vegas, Nevada.

54. Mr. Karpinski's contacts with Nevada are systematic and continuous because, according to Mr. Karpinski's "Capper Profile" on the Website, Mr. Karpinski has competed, and finished in the top 10, in many handicapping contests staged at Las Vegas, Nevada resort and gaming establishments.

55. Mr. Chan's contacts with Nevada are systematic and continuous because, Mr. Chan is an agent of VMG.

56. Mr. Chan's contacts with Nevada are systematic and continuous because, Mr. Chan regularly causes content dealing with Las Vegas, Nevada, authored or purportedly authored by Mr. Chan, to be published on the Website.

57. Mr. Chan's contacts with Nevada are systematic and continuous because, according to Mr. Chan's "Capper Profile" on the Website, Mr. Chan has been part of the "Vegas Top Dogs panel of experts" since July 2009.

58. Mr. Chan's contacts with Nevada are systematic and continuous because, Mr. Chan offers, for purchase through the Website, "packages" of content comprising sports betting advice authored or purportedly authored by Mr. Chan.

59. Mr. Chan's contacts with Nevada are systematic and continuous because, according to Mr. Chan's "Capper Profile" on the Website, Mr. Chan is "#1 in Vegas," a "Vegas Insider Champion Capper," and a "Wiseguy with great connections... in Vegas."

60. Mr. Chan's contacts with Nevada are systematic and continuous because, according to Mr. Chan's "Capper Profile" on the Website, for no less than five years preceding July 2009, Mr. Chan was engaged in the business of "offer[ing] private advice" to "clientele" in Las Vegas regarding sports betting and handicapping.

## **VENUE**

61. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

62. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and §1400(a), because VMG may be found in Nevada.

## **FACTS**

63. Righthaven is the copyright owner of the literary work entitled "Wise wagerers quickly back Colts" (the "Work"), attached hereto as Exhibit 6.

64. The Work was originally published on January 25, 2010.

65. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

66. On April 12, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007122476 (the "Registration") and attached hereto as Exhibit 7 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

67. VMG, Mr. Karpinski, Mr. Foote, and Mr. Wegener own the Website domain.

68. No later than March 25, 2010, the Defendants copied, on an unauthorized basis, the Work (the "Infringement"), attached hereto as Exhibit 8.

69. No later than March 25, 2010, the Defendants reproduced the Infringement on the Website.

70. The Infringement includes the erroneous declaration that Mr. Chan is the author of the Work.

71. The Infringement replaced the Work's original title, "Wise wagerers quickly back Colts," with a new title "Vegas ready for the SUPER BOWL."

72. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

73. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

74. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 73 above.

75. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

76. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

77. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

78. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

79. The Defendants reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

80. The Defendants, via the Website, created an unauthorized derivative of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

81. The Defendants distribute unauthorized reproductions of the Work via the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

82. The Defendants publicly display an unauthorized reproduction of the Work at the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

83. VMG, as a general partnership, has willfully engaged in the copyright infringement of the Work

84. Mr. Karpinski has willfully engaged in the copyright infringement of the Work.

85. Mr. Foote has willfully engaged in the copyright infringement of the Work.

86. Mr. Wegener has willfully engaged in the copyright infringement of the Work

87. Mr. Chan has willfully engaged in the copyright infringement of the Work.

88. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

89. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related

companies, partners, and all persons acting for, by, with, through, or under the Defendants from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the use of the Work; and

    c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct Register.com, Inc. and any successor domain name registrar for the Website domain to lock the Website domain and transfer control of the Website domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this twenty-seventh day of April, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff